IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GREGORY ANTOINE WILLIAMS,  *
      Petitioner
                            *
      v.                              CIVIL ACTION NO.  JKB-15-2957
                            *
JACOB J. LEW, et al.,
      Respondents                *
                          ******

## **MEMORANDUM**

The court is in receipt of petitioner's request for mandamus relief, wherein he complains that respondents, Secretary of the Treasury Jacob J. Lew, Secretary of Transportation Anthony Foxx, United States District Court Judge Deborah K. Chasanow, United States Attorney Rod J. Rosenstein, Assistant United States Attorneys, Gerald Akida Asim Collins, Jennifer Sykes and private attorney James Rudasill, have failed to discharge petitioner's SF-273, SF-274, and SF-275 bonds.[1] Petitioner indicates that the debts in his criminal case[2] have been paid in full and pursuant to 18 U.S.C. §3206 he is entitled to discharge of the debt. ECF 1.  As relief he seeks release from custody and an order discharging all liens placed against him. *Id*.  Because he appears to be indigent, petitioner's motion for leave to proceed in forma pauperis (ECF 2)  shall be granted.

Petitioner has attached to his petition an "Amended Security Agreement" wherein he endeavors to name the respondents as debtors. ECF 1-2. It also appears that he has attempted to file the security agreement as a lien against respondents with the State of Maryland Department of

---

[1] SF 273 and SF 274 are designated as the forms for filing for reinsurance agreement for a Miller Act performance bond and Miller Act payment bond, respectively. *See* 31 C.F.R. §223.11(b).  SF 275 is a reinsurance agreement in favor of the United States. *Id*.

[2] *See United States v. Williams*, Criminal No. DKC-13-650 (D. Md.)

Assessment and Taxation. ECF 1-1.

Under 28 U.S.C. §1361, the district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or an agency thereof to perform a duty owed to the plaintiff.  In order to meet the requirements for mandamus relief, petitioner must show that he has the clear legal right to the relief sought; that respondent has a clear legal duty to do the particular act requested; and that no other adequate remedy is available.  The failure to show any of these prerequisites defeats a district court's jurisdiction under § 1361.  *See National Association of Government Employees v. Federal Labor Relations Authority*, 830 F. Supp. 889, 898 (E.D. Va. 1993).  In addition, mandamus cannot be used to compel the performance of discretionary duties of federal government officers; mandamus will lie only to compel ministerial acts.[3]  *See Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995); *Plato v. Roudebush*, 397 F. Supp. 1295, 1304-05 (D.Md. 1975).  The undersigned concludes that petitioner has failed to meet the above established criteria.   As petitioner has made no showing in the instant action which warrants the granting of extraordinary relief, his petition for writ of mandamus shall be denied.

Moreover, a complaint, that is totally implausible or frivolous, such as this, may be dismissed *sua sponte* for lack of subject matter jurisdiction pursuant to Fed  R. Civ. P 12 (b)(1). *See Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999); *O'Connor v. United States*, 159 F.R.D. 22 (D. Md. 1994); *see also  Crowley Cutlery Co. v. United States*, 849 F.2d 273, 277 (7th Cir. 1988) (federal district judge has authority to dismiss a frivolous suit on his own initiative).   Petitioner has not provided any

---

[3]"[A] ministerial act is one in which 'the law prescribes and defines a duty to be performed with such precision as to leave nothing to the exercise of discretion or judgment.'" *Neal v. Regan*, 587 F. Supp. 1558, 1562 (N.D. Ind. 1984) (quoting 55 C.J.S. Mandamus § 132).

information that might lead to a reasonable conclusion that some plausible cause of action has accrued on his behalf.

A separate Order follows.

<u>December 17, 2015</u>                              _____/s/_____
  Date                                                                James K. Bredar
                                                                             United States District Judge